UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | No. 16-CR-20742 |
| Plaintiff, | Hon. Thomas L. Ludington |
| v. | Offense: |
| Bailey Rose Swiecicki, | **Count 5**: **Witness Tampering** |
| Defendant. | 18 U.S.C. § 1512(b)(1) |
| | Maximum Penalty: |
| | 20 years |
| | Maximum Fine: |
| | Not to exceed $250,000 |
| | Supervised Release: |
| | Up to 3 years |

# Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Bailey Rose Swiecicki and the government agree as follows:

1.  **Guilty Plea**

    A.  **Count of Conviction**

    Defendant will enter a plea of guilty to Count Five of the 1st Superseding Indictment, which charges her with Witness Tampering, in violation of 18 U.S.C. § 1512(b)(1).

B.   **Elements of Offenses**

The elements of Count Five are as follows:

1.   Defendant knowingly used intimidation, threats, or corrupt persuasion
     against the victim or attempted to do so; and

2.   defendant did so with the intent to prevent, influence, or delay the
     testimony of the victim at a federal grand jury proceeding.

C.   **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty

pleas:

On or about October 30, 2016, Makyo Henry George-Dye entered the home

of I.C., whom he shares a child-in-common with, in violation of a court order.

While inside George-Dye punched I.C. in the face causing her head to strike the

wall. The assault caused swelling and pain to I.C. which lasted for several days.

I.C. and her mother told George-Dye to leave or they were going to call the police.

George-Dye responded by telling I.C. that she deserved it and then left the

residence. This occurred at 2385 South Isabella Road, Mt. Pleasant, Michigan, on

the Isabella Reservation which is within Indian country.

I.C. then packed up some things, strapped her son into his car seat, and got

in her car to leave the residence. George-Dye, whom I.C. did not even know was

still present, then jumped into her car and refused to get out. George-Dye said that

he was not going to get out of I.C.'s car until she drove him to Jamestown

- 2 -

Apartments. While in the car with her, George-Dye got loud, said "this is what you get" and "you pushed me to my limits."

Eventually, per George-Dye's orders, I.C. drove from her residence to the Jamestown Apartments approximately 1.7 miles away. Once at Jamestown Apartments, I.C. stopped the car and told George-Dye to get out. George-Dye opened the door and then turned back to I.C. and strangled her to the point that she had trouble breathing. George-Dye grabbed I.C.'s neck with his hand, pushed her back into the seat, and squeezed I.C.'s neck. George-Dye also struck I.C. in the top of the head. I.C. was then able to use her legs to push George-Dye out of the car and I.C. then drove off.

George-Dye was charged in federal court via a complaint with interstate domestic violence and domestic assault by an habitual offender on November, 4, 2016. George-Dye was arrested and jailed in the Bay County Jail on November 5, 2016. Once George-Dye was in jail for the above mentioned October 30, 2016 assaults, George-Dye conspired with a cell mate, Demarcus King, to have King's girlfriend, Bailey Swiecicki, contact I.C. to either get her to refuse to testify before the grand jury or lie to them about what happened. King had a visitation on November 5, 2016, where he showed her a note written by George-Dye instructing Swiecicki to contact I.C. to persuade I.C. to either refuse to testify or lie at grand jury on the case against George-Dye. After the visitation, Swiecicki called I.C. and

passed on the message. Later in the day, still on November 5, 2016, Swiecicki

texted I.C. in reference to I.C.'s testimony before the grand jury on the George-

Dye case. Swiecicki said "it's best to say 'I don't recall.'" On November 7, 2016,

Swiecicki sent another text to I.C. that I.C. "should say no to everything when/if it

goes to trial." Swiecicki sent an identical text message again to I.C. on November

8, 2016.

2. **Sentencing Guidelines**

A. **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B. **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the

defendant's guideline range is 12-18 months, as set forth on the attached

worksheets. If the Court finds:

1. That defendant's criminal history category is higher than reflected on

the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty,

defendant made any false statement to or withheld information from

her probation officer; otherwise demonstrated a lack of acceptance of

responsibility for her offense; or obstructed justice or committed any

crime,

- 4 -

and if any such finding results in a guideline range higher than 12-18 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.    **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.    **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by the court pursuant to this agreement.

B.    **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose

any term of supervised release up to the statutory maximum term, which in this

case is 3 years. The agreement concerning imprisonment described above in

Paragraph 3A does not apply to any term of imprisonment that results from any

later revocation of supervised release.

      C.    **Special Assessment**

Defendant will pay a special assessment of $100.00 and must provide the

government with a receipt for the payment before sentence is imposed.

      D.    **Fine**

There is no agreement as to fines.

      E.    **Restitution**

Restitution is not applicable in this case.

4.    **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw her guilty plea for a "fair and just

reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives her rights

under Fed. R. Evid. 410, and the government may use her guilty plea, any

statement made under oath at the change-of-plea hearing, and the factual basis

statement in this plea agreement, against her in any proceeding.

5.    **Other Charges**

If the court accepts this agreement, the government agrees to dismiss counts

four and six of the first superseding indictment and agrees not bring additional

charges against defendant based on any of the conduct reflected in the attached worksheets.

6.    **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

7.    **Appeal Waiver**

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the applicable guideline range as determined by paragraph 2B, the defendant also waives any right she may have to appeal her sentence on any grounds. If the defendant's sentence of imprisonment is at least the bottom of the applicable guideline range, the government waives any right it may have to appeal the defendant's sentence. Nothing in this waiver bars a claim of ineffective assistance of counsel on appeal or by Collateral Relief under 28 U.S.C. § 2255.

8.    **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw her guilty plea or if any conviction

entered pursuant to this agreement is vacated, the Court shall, on the government's

request, reinstate any charges that were dismissed as part of this agreement. If

additional charges are filed against defendant within six months after the date the

order vacating defendant's conviction or allowing her to withdraw her guilty plea

becomes final, which charges relate directly or indirectly to the conduct underlying

the guilty plea or to any conduct reflected in the attached worksheets, defendant

waives her right to challenge the additional charges on the ground that they were

not filed in a timely manner, including any claim that they were filed after the

limitations period expired.

9.    **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government

agency except the United States Attorney's Office for the Eastern District of

Michigan.

10.    **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates,

is the complete agreement between the parties. This agreement supersedes all other

promises, representations, understandings and agreements between the parties

concerning the subject matter of this plea agreement that were made at any time

before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11.     **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by 5:00 P.M. on 02/28/2017. The government

reserves the right to modify or revoke this offer at any time before defendant

pleads guilty.

                                          BARBARA L. McQUADE
                                          United States Attorney


CRAIG F. WININGER                         ROY R. KRANZ
Assistant U.S. Attorney                   Assistant U.S. Attorney
Chief of the Branch Offices

Date:    3-3-17    , 2017


       By signing below, defendant acknowledges having read (or been read) this
entire document, understanding it, and agreeing to its terms.  Defendant also
acknowledges being satisfied with defense attorney's advice and representation.
Defendant acknowledges having had a full and complete opportunity to confer
with counsel, and that all of defendant's questions have been answered by counsel.


JEFF DAY                                  BAILEY ROSE SWIECICKI
Attorney for Defendant                    Defendant
Date:      3-3     , 2017


- 10 -

| Defendant: | Bailey Swiecicki | Count: | Five |
|---|---|---|---|
| Docket No.: | 16-CR-20742 | Statute(s): | 18 U.S.C. § 1512(b)(1) |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2J1.2(a) | Obstruction of Justice | 14 |
| | | |
| | | |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | Bailey Swiecicki | Count: | Five |
|---|---|---|---|
| Docket No.: | 16-CR-20742 | Statute(s): | 18 U.S.C. § 1512(b)(1) |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

14

\* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

| Defendant: | Bailey Swiecicki | Count: | Five |
|---|---|---|---|
| Docket No.: | 16-CR-20742 | Statute(s): | 18 U.S.C. § 1512(b)(1) |

## WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

### 1. PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months** **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days** **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences** **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

C-1

| Defendant: | Bailey Swiecicki | Count: | Five |
|---|---|---|---|
| Docket No.: | 16-CR-20742 | Statute(s): | 18 U.S.C. § 1512(b)(1) |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 02/28/2006 | J | Use of Marijuana | probate court | | 0 |
| 08/04/2010 | A | Retail Fraud 2nd | 30 or 60 days jail | | 1 |
| 01/14/2013 | A | Obstruction of Justice | Delayed sentence | | 1 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\* If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only two situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Bailey Swiecicki | Count: | Five |
|---|---|---|---|
| Docket No.: | 16-CR-20742 | Statute(s): | 18 U.S.C. § 1512(b)(1) |

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

| 0 |
|---|

**3.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.  But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE: No more than 3 points may be added under this item.

| 0 |
|---|

**4.   TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

| 2 |
|---|

**5.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| **0-1** | I |
| **2-3** | II |
| **4-6** | III |
| **7-9** | IV |
| **10-12** | V |
| **≥13** | VI |

| II |
|---|

C-3

| Defendant: | Bailey Swiecicki | Count: | Five |
|---|---|---|---|
| Docket No.: | 16-CR-20742 | Statute(s): | 18 U.S.C. § 1512(b)(1) |

## **WORKSHEET D (Guideline Range)**

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   > 14

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   > -2

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   > 12

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   > II

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**

   a. <u>Total Offense Level:</u>  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   > n/a

   b. <u>Criminal History Category:</u> If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

   > n/a

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b. **6-12 w/o acceptance**

   > 12-18
   >
   > months

D-1

| Defendant: | Bailey Swiecicki | Count: | Five |
|---|---|---|---|
| Docket No.: | 16-CR-20742 | Statute(s): | 18 U.S.C. § 1512(b)(1) |

**7.    STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months



| Defendant: | Bailey Swiecicki | Count: | Five |
|---|---|---|---|
| Docket No.: | 16-CR-20742 | Statute(s): | 18 U.S.C. § 1512(b)(1) |

## WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**

   a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

   [X]  1. Probation is not authorized by the guidelines (minimum of guideline range ≥10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ]  2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ]  3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤9 months).

   b. Length of Term of Probation  (U.S.S.G. § 5B1.2)

   [X]  1. At least 1 year but not more than 5 years (total offense level ≥6)

   [ ]  2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [ ]  a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥15 months).

   [X]  b. A split sentence is authorized (minimum of guideline range > 0 months but ≤12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Bailey Swiecicki | Count: | Five |
|---|---|---|---|
| Docket No.: | 16-CR-20742 | Statute(s): | 18 U.S.C. § 1512(b)(1) |

**4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

a. Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥25 years.

[x] 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥5 years but < 25 years.

3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

4. The statute of conviction requires a minimum term of supervised release of _____ years.

c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)
The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5. RESTITUTION (U.S.S.G. § 5E1.1)**

1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $ _____ .

E-2

| Defendant: | Bailey Swiecicki | Count: | Five |
| Docket No.: | 16-CR-20742 | Statute(s): | 18 U.S.C. § 1512(b)(1) |

3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $ _____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

4. The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[X] 5. Restitution is not applicable.

6. **FINE (U.S.S.G. § 5E1.2)**

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

**Minimum Fine**
$ 5,500

**Maximum Fine**
$ 55,000

E-3

| Defendant: | Bailey Swiecicki | Count: | Five |
|---|---|---|---|
| Docket No.: | 16-CR-20742 | Statute(s): | 18 U.S.C. § 1512(b)(1) |

7.  **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
    The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

    - $100.00 for every count charging a felony ($400 for a corporation),
    - $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
    - $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
    - $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

    The defendant must pay a special assessment or special assessments in the total amount of $____100____ .

8.  **FORFEITURE (U.S.S.G. § 5E1.4)**

    [ ] Assets of the defendant will be forfeited.   [ x ] Assets of the defendant will not be forfeited.

9.  **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**
    List any additional applicable guideline, policy statement, or statute.

    n/a

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

    n/a

E-4